**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**PARKERSBURG DIVISION**

GARY F. MATHERS,

          Petitioner

v.                              CIVIL ACTION NO. 6:07-cv-00734

EVELYN SEIFERT,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the respondent's Motion to Dismiss [Docket 7]. In the motion, the respondent argues that the petitioner's petition for habeas corpus under 28 U.S.C. § 2254 was not filed within the limitation period set forth in 28 U.S.C. § 2244(d)(1), and therefore, the petition must be dismissed. This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1). On April 30, 2008, the Magistrate Judge submitted proposed findings of fact and a recommendation ("PF&R"). The Magistrate Judge proposed that the court find that the petitioner's § 2254 petition is untimely under 28 U.S.C. § 2244(d)(1) but that extraordinary circumstances warrant equitable tolling of the statute of limitations. The Magistrate Judge further proposed that the court find that the petitioner's federal habeas petition was timely in light of the tolling and recommended that the court deny the respondent's motion to dismiss.

The respondent has filed a timely objection to the PF&R, and the petitioner has responded to that objection. Having reviewed the respondent's objection *de novo*, the court **FINDS** that it is meritorious. Accordingly, the court **ADOPTS in part** and **REJECTS in part** the PF&R. For

reasons set forth in greater detail below, the court **FINDS** that the statute of limitations under 28 U.S.C. § 2244(d)(1) was equitably tolled until the petitioner filed his first state court habeas petition on June 22, 2001. The court also **FINDS** that the statute of limitations was tolled under 28 U.S.C. § 2244(d)(2) until June 14, 2006. Finally, the court **FINDS** that because the petitioner's federal habeas petition was filed on November 16, 2007, which is more than one year after June 14, 2006, the petitioner's federal habeas petition is untimely. Consequently, the court **GRANTS** the respondent's motion to dismiss and **DISMISSES with prejudice** the petitioner's § 2254 petition.

**I. Timeline**

Neither party objects to the facts and procedural history set forth in the PF&R, and the court **ADOPTS** the PF&R's recitation of the factual and procedural background of this case. On January 26, 1994, the petitioner was indicted by a Wood County grand jury on five counts of Incest and five counts of Sexual Assault in the Third Degree. (PF&R 2.) Following a jury trial, the petitioner was found guilty of four counts of Incest and four counts of Sexual Abuse in the Third Degree. (*Id.*) The petitioner was sentenced to consecutive sentences of five to ten years on each Incest conviction and one to five years on each conviction for Sexual Assault in the Third Degree. (*Id.*) The petitioner appealed his conviction and sentence to the West Virginia Supreme Court of Appeals on December 5, 1994, and the Supreme Court of Appeals refused his petition for appeal on January 25, 1995. (*Id.* at 3.)

On April 24, 1996, Congress enacted a one-year limitation on filing federal habeas corpus petitions as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA."). (*Id.*) Because the petitioner's conviction became final prior to the enactment of the AEDPA, he had until

April 24, 1997, to file a § 2254 habeas corpus petition, unless the statute of limitations was statutorily tolled by a state court habeas proceeding. (*Id.* at 4-5.)

The respondent did not file a state court habeas petition until June 22, 2001, when a petition was filed by William Kiger, the petitioner's counsel in the underlying trial and appeal. (*Id.* at 14, 21.) The state court denied the petitioner's state habeas petition on June 26, 2001. (*Id.*) On October 10, 2001, the petitioner filed either a petition for appeal from that denial or an original jurisdiction habeas corpus petition with the Supreme Court of Appeals. (*Id.* at 21, 21 n.4.) The Supreme Court of Appeals issued a rule to show cause and returned the case to the Circuit Court of Wood County for an omnibus hearing. (*Id.* at 21.)

Patrick Radcliff was appointed to represent the petitioner at the omnibus hearing. (*Id.*) The petitioner then filed an amended state court habeas petition, and a second amended habeas petition on January 5, 2005. (*Id.*) The second amended state-court habeas petition was denied on February 14, 2006. The time for the petitioner to appeal this denial expired four months later, June 14, 2006. *See* W. Va. R. App. P. 3(a). On September 5, 2006, the petitioner, through counsel, filed a Motion to File a Petition for Appeal Out of Time. (PF&R 21.) On September 21, 2006, the West Virginia Supreme Court of Appeals denied the motion. (*Id.* at 22.) In a final state court collateral attack, the petitioner filed an original jurisdiction habeas petition in the Supreme Court of Appeals on August 6, 2007, that was refused on October 11, 2007. (*Id.*) The petitioner filed the pending federal habeas petition on November 16, 2007. (*Id.*)

## II. Statute of Limitations of Habeas Petitions

The AEDPA provides, among other things, that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a

State court." 28 U.S.C. § 2244(d)(1). This limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, the West Virginia Supreme Court of Appeals rejected the petitioner's direct appeal on January 25, 1995. The last date on which the petitioner could have filed a petition for certiorari with the United States Supreme Court was April 25, 1995, and the petitioner's conviction became final on that date. (PF&R 4, 4 n.2.) Based on the plain language of the AEDPA, the petitioner had until April 25, 1996 to file his federal habeas petition.

The Fourth Circuit has determined, however, that "in the case of a habeas challenge to a state conviction that became final prior to the enactment of the AEDPA, a habeas petitioner is entitled to a one-year grace period from the effective date of the Act, April 24, 1996, in which to file a federal habeas petition. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001) (citing *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998)). As a consequence, the petitioner had, absent any statutory tolling, until April 24, 1997, to file his federal habeas petition.

The petitioner did not file a federal habeas petition by April 24, 1997. In fact, the petitioner did not file any habeas petition, state or federal, until June 22, 2001, when the petitioner filed a petition in the Circuit Court of Wood County. As the Magistrate Judge noted, the petitioner's § 2254 petition is untimely under 28 U.S.C. § 2244(d)(1).

**III. Equitable Tolling**

After noting the untimeliness of the petitioner's habeas petition, the Magistrate Judge recommended that this court find that the statute of limitations is equitably tolled until June 22, 2001, when the petitioner filed his state habeas petition. (PF&R 22.) In proposing the finding, the

-4-

Magistrate Judge relied on this court's holding in *Goedeke v. McBride*, 437 F. Supp. 2d 590 (S.D. W. Va. 2006). In *Goedeke*, this court made the following findings:

> Mr. Griffith's representation, or lack thereof, cannot be characterized as simple attorney negligence. He failed to represent his client over the course of six years despite constantly telling his client otherwise. I **FIND** his claims that he arduously was working on Mr. Goedeke's petition throughout the six-year period incredible. The State introduced no evidence to show that Mr. Griffith actually worked on Mr. Goedeke's case other than write Mr. Goedeke short letters that said progress was being made. Based on the evidence in the record, I **FIND** Mr. Griffith completed no substantive work on Mr. Goedeke's case. Though Mr. Griffith "represented" Mr. Goedeke for more than six years, Mr. Goedeke would have been in the same position had he never had an attorney.
>
> Had Mr. Griffith completely abandoned Mr. Goedeke or told him that he would not work on his petition, Mr. Goedeke could have acquired another attorney or filed a petition on his own. Mr. Griffith, however, consistently coerced Mr. Goedeke into believing that his petition was almost ready. Mr. Goedeke had no reason to disbelieve Mr. Griffith's constant assurances. I **FIND** that Mr. Griffith's repeated false assurances led Mr. Goedeke to believe Mr. Griffith would complete his petition and coerced Mr. Goedeke into retaining Mr. Griffith in lieu of taking other action. I **FIND** the situation created by Mr. Griffith's false assurances is more severe than the situation created by an attorney who completely abandons his client from day one. Mr. Griffith's conduct misled Mr. Goedeke for more than six years and undermined faith in the judicial system. Finding otherwise would cause indigent defendants to question the veracity of court-appointed counsel at every stage of every proceeding. I **FIND** that Mr. Griffith's repeated assurances constitute, at best, extreme exaggerations and most likely false representations. Based on the evidence of Mr. Griffith's serious misconduct, I **FIND** the facts of this case present the rare situation where equitable tolling is warranted. *See United States v. Martin*, 408 F.3d 1089, 1093–94 (8th Cir. 2005) (finding an attorney's consistent assurances that he would file a petition grounds for equitable tolling); *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003) ("Though ordinary attorney negligence will not justify equitable tolling, we have acknowledged that where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling."); *Baldayaque v. United States*, 338 F.3d 145, 152–53 (2d Cir. 2003) (finding attorney conduct that is sufficiently egregious to justify equitable tolling).
>
> Mr. Griffith's constant assurances coerced Mr. Goedeke into a false sense of trust. Mr. Griffith's egregious conduct, which I **FIND** to be even more severe than completely abandoning his client, constitutes extraordinary circumstances. Because the evidence revealed that Mr. Griffith never actually acted on Mr. Goedeke's behalf, Mr. Griffith was not acting as an agent of Mr. Goedeke; therefore, the extraordinary circumstances of this case were external to Mr. Goedeke's own conduct. I find these

>extraordinary circumstances prevented Mr. Goedeke from filing his federal petition on time.

*Goedeke*, 437 F. Supp. 2d at 598-99 (footnotes omitted).

The Magistrate Judge determined that the facts of this case were sufficiently similar to those in *Goedeke* that equitable tolling of the statute of limitations was warranted. Specifically, the Magistrate Judge stated that "Mr. Kiger's repeated reassurances that he was working on Petitioner's habeas corpus petition, when in fact no petition was prepared and filed until June 22, 2001, constitutes sufficiently egregious conduct to justify the equitable tolling of the AEDPA statute of limitations until the filing of Petitioner's state habeas petition." (PF&R 20.) The respondent does not object to the recommendation that the petitioner is entitled to equitable tolling, though the respondent does not believe that the circumstances of this case are as egregious as those in *Goedeke*. (Resp.'s Obj. 4.) There being no clear error on the face of the record, the court **ADOPTS** the portion of the PF&R regarding equitable tolling and **FINDS** that the statute of limitations under 28 U.S.C. § 2244(d)(1) is equitably tolled from the time the petitioner's conviction became final on April 25, 1995, until the petitioner filed his state court habeas petition on June 22, 2001.

## IV. Statutory Tolling

Although the equitable tolling of the statute of limitations ended on June 22, 2001, the one-year statute of limitations did not begin to run on this date due to statutory tolling. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). According to the PF&R, the petitioner's state habeas petition, after being amended twice, was denied by the specially-appointed Judge David Nibert on February 14, 2006. The time for the petitioner to appeal this denial

to the West Virginia Supreme Court of Appeals expired on June 14, 2006. (Resp. Obj. 5.) At this time, no appeal had been filed. On September 5, 2006, however, the petitioner's appointed counsel filed a Motion to File a Petition for Appeal Out of Time. The Supreme Court of Appeals denied this motion on September 21, 2006.

The Magistrate Judge found that because of statutory tolling, the statute of limitations in this case did not begin to run until September 22, 2006, the day after the Supreme Court of Appeals denied petitioner's motion to file an untimely appeal. (PF&R 22.) The Magistrate Judge further found that the statute of limitations ran for 318 days and stopped when the petitioner filed an original jurisdiction habeas petition in the Supreme Court of Appeals on August 6, 2007. (*Id.*) According to the Magistrate Judge's analysis, the statute of limitations resumed running on October 12, 2007, when the Supreme Court of Appeals refused the petition. (*Id.*) Thus, the Magistrate Judge found, when the petitioner filed his federal habeas petition on November 16, 2007, there were still 12 days left under the statute of limitations. (*Id.*)

The respondent disagrees with the Magistrate Judge's statutory-tolling analysis. The respondent argues that the statute of limitations began to run on June 14, 2006, when the time for the petitioner to appeal the denial of his state habeas petition expired. (Resp.'s Obj. 5.) The respondent contends that the statute of limitations should not be tolled for the almost three months during which the petitioner's counsel neglected to file an appeal, and further should not be tolled for the fifteen days during which the petitioner's motion to file an appeal out of time was pending.

The respondent's argument is persuasive. Section 2244(d)(1) provides the statute of limitations is tolled when state habeas petitions are pending. A state habeas petitions is pending "so long as the ordinary state collateral review process is 'in continuance' – i.e., 'until completion of'

that process." *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). Here, when the time for the petitioner to appeal the denial of his state court habeas petition expired, his state court habeas petition was no longer pending, and statutory tolling stopped. The fact that the petitioner filed a motion to appeal out of time makes no difference, because "only a *timely* appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court." *Evans v. Chavis*, 546 U.S. 189, 197 (2006) (citing *Carey v. Saffold*, 536 U.S. 214 (2002)). This result makes sense; if it were not the case, a petitioner could toll the federal statute of limitations simply by filing untimely appeals of state court habeas petitions. "This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay." *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

There is no indication that the petitioner's delay was intentional. Rather, the petitioner's appeal was untimely because his attorney thought he had eight months to appeal when, in actuality, he had four. (Radcliff Letter, Resp.'s Obj. Ex. 7.) Unfortunately for the petitioner, "[p]rinciples of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Moreover, "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000).

Consequently, the court must **REJECT** the portion of the PF&R that deals with statutory tolling. The court **FINDS** that the one-year statute of limitations began to run on June 15, 2006. Because the petitioner did not file his federal habeas petition until November 16, 2007, the court **FINDS** that the petitioner's § 2254 petition was untimely under 28 U.S.C. § 2244(d)(1).

-8-

**V. Conclusion**

The respondent's motion to dismiss is **GRANTED**. The petitioner's petition is **DISMISSED with prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 16, 2008

Joseph R. Goodwin, Chief Judge